**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DIXON, | ) | |
| | ) | Plaintiff Demands Trial by Jury |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| OFFICER JOSEPH REYES | ) | Judge: |
| STAR NO. 17996, | ) | |
| OFFICER JULIO PEREZ | ) | |
| STAR NO. 17150 | ) | |
| | ) | |
| Defendants | | |

<u>COMPLAINT AT LAW</u>

NOW COMES the Plaintiff CHRISTOPHER DIXON by and through his attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants, OFFICER JOSEPH REYES and OFFICER JULIO PEREZ, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Second and Fourth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff CHRISTOPHER DIXON ("DIXON" or "Plaintiff"), was at all times relevant to this action, and a resident of Cook County.

6. OFFICER JOSEPH REYES ("REYES") was, at all times relevant to this action, employed by The Chicago Police Department which is located in Cook County, IL.

7. OFFICER JULIO PEREZ ("PEREZ") was, at all times relevant to this action, employed by The Chicago Police Department which is located in Cook County, IL.

8. At all times relevant to this action, REYES and PEREZ were employed and on duty for The Chicago Police Department which is located in Cook County, IL.

9. Defendant REYES is sued in his individual capacity.

10. Defendant PEREZ is sued in his individual capacity.

## FACTS

11. On June 25, 2018, Plaintiff DIXON was driving east on North Avenue to his job as a security guard when he was pulled over by Defendants REYES and PEREZ.

12. Defendants stated that the reason for the traffic stop was for an improper U-turn.

13. Plaintiff did not make a U-turn.

14. During the traffic stop Defendants interrogated Plaintiff DIXON as to his whereabouts that day.

15. During the questioning the Defendants observed the Plaintiff's firearm belt on the back seat.

2

16. When the Defendants questioned as to why the Plaintiff had an empty firearm belt the vehicle, Plaintiff informed the Defendants that he was employed as an armed security guard.

17. Defendant REYES stated that Plaintiff was violating the law because he had a firearm while off-duty.

18. Plaintiff DIXON reminded Defendant REYES that this rule is only applicable when carrying a firearm on his person.

19. Plaintiff DIXON showed Defendants REYES and PEREZ that he had an active Firearm Owners Identification card ("FOID").

20. Plaintiff DIXON showed Defendants that his firearm was properly stored: unloaded, in a case, and stored in a container.

21. Defendant REYES ordered Plaintiff DIXON to get out of his car, and placed Plaintiff into custody: the defendants handcuffed him, placed him in the rear of their squad car and transported him to the station.

22. Upon arrival to the police station, DIXON was handcuffed to a bench in a cell and not allowed to call anyone: his work or his attorney.

23. Plaintiff DIXON made repeated requests to use the restroom but was ignored by Defendants.

24. Defendant PEREZ informed Plaintiff DIXON that he was going to be charged with Unlawful Use of a Weapon ("UUW").

25. An unknown supervisor ("white shirt") stated that he is "a firm believer in a person being guilty of U.U.W. if the firearm is accessible", yet informed Plaintiff DIXON that he would "look up the statute".

3

26. Plaintiff DIXON was released soon after he spoke with the supervisor without charge.

27. After Plaintiff DIXON was released, Defendant REYES stated that the Plaintiff, "must keep his firearm in the rear cargo area of his vehicle to legally transport his firearm".

28. This incident caused severe emotional and monetary damages to Plaintiff, preventing him from working his shift.

## COUNT I

## VIOLATION OF SECOND AMENDMENT RIGHTS BY DEFENDANTS REYES AND PEREZ

29. Plaintiff restates and realleges all the statements made in paragraphs 11-28 of the Complaint as though fully stated therein.

30. On June 25, 2018, Defendant REYES violated Plaintiff's Second Amendment Rights when he chilled Plaintiff's Second Amendment Right to legally transport his gun.

31. As a result of the Defendants' conduct, Plaintiff suffered emotional trauma and loss of wages.

## COUNT II

## VIOLATION OF FOURTH AMENDMENT AGAINST DEFENDANTS REYES AND PEREZ

32. Plaintiff restates and realleges all the statements made in paragraphs 11-31 of the Complaint as though fully stated therein.

33. On June 25, 2018, Defendants falsely arrested Plaintiff and took him to the police station.

34. Defendants violated Plaintiff's right to be free from unreasonable search and seizure when they placed Plaintiff into custody though had committed no crime: he was in legal possession of a firearm.

35. As a result of his false arrest, Plaintiff suffered emotional trauma and loss of wages.

WHEREFORE, Plaintiff, by and through his attorneys, THE LAW OFFICES OF SCOTT

T. KAMIN, request judgment against Defendants REYES and PEREZ on each and every claim

and as follows:

    A.    That Defendants be required to pay Plaintiff general damages in a sum to be ascertained at a trial of this matter,

    B.    That Defendants be required to pay Plaintiff special damages,

    C.    That defendant(s) be required to indemnify the individual defendants.

    D.    That Defendants be required to pay Plaintiff his attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    E.    That the individual defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    F.    That Defendants be required to pay Plaintiff the costs of the suit herein incurred, and

    G.    That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:                                             Respectfully submitted,

                                             /s/ Scott T. Kamin
                                           Scott T. Kamin
                                           Attorney for the Plaintiff

Law Offices of Scott T. Kamin
53 W. Jackson Blvd, Suite 1057
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855
scotttkamin@aol.com

6